UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SAMUEL C. GARDNER, in his individual capacity, and in his capacity as Successor Trustee of The 2014 PB Living Trust <br><br> v. <br><br> GARY SINISE FOUNDATION | §<br>§<br>§<br>§<br>§ CIVIL NO. 4:23-CV-99-SDJ<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Gary Sinise Foundation's ("the Foundation") Motion to Dismiss and Supporting Brief. (Dkt. #9). Having considered the motion, subsequent briefing, and applicable legal authorities, the Court concludes that the motion should be granted.

### I. BACKGROUND

On February 8, 2023, Samuel C. Gardner, in his individual capacity, and in his capacity as Successor Trustee of the 2014 PB Living Trust dated March 27, 2014, settled and created by Pamela E. Banks ("the Trust"), filed the instant lawsuit. Gardner asserts claims for breach of contract, declaratory relief, forfeiture of property, forfeiture of benefits under a Texas trust, reformation of the Trust, a declaration regarding rights and responsibilities under a Texas trust, and a declaration of rights and responsibilities of Gardner as successor trustee of the Trust. (Dkt. #1).

On April 11, 2023, the Foundation filed its motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), (3), and (6), for lack of subject-matter jurisdiction,

1

improper venue, and failure to state a claim. (Dkt. #9). Therein, the Foundation moves the Court to compel arbitration, arguing that the parties' Mediated Settlement Agreement ("MSA") includes a mandatory arbitration provision.[1]

The Foundation contends that the MSA, which reflects the global settlement reached by the parties in August 2022,[2] includes a broad and mutually binding arbitration clause that requires all disputes related to final, full, and complete settlement of the parties' disputes to be submitted to binding arbitration. The MSA states in relevant part:

> Any dispute related to the final, full and complete execution version of this Agreement (and other documents referenced herein) shall be submitted to binding arbitration. THE ARBITRATOR'S DECISION SHALL BE BINDING AND NOT SUBJECT TO APPEAL.
>
> Either party may request arbitration hereunder by written request to all parties. Each such request shall briefly state the background and facts of the dispute, what relief is being sought, what has been done to

---

[1] The Foundation presents several additional reasons to dismiss this matter, including arguments that dismissal is appropriate because the Court lacks subject-matter jurisdiction under the Rooker-Feldman doctrine and the Markham Probate Exception. Because the Court concludes that this dispute falls squarely within the scope of a valid arbitration agreement, the Court will compel the parties to arbitration and need not consider the other arguments raised in the Foundation's dismissal motion. *See Educ. Mgmt. Servs., L.L.C. v. Slaikeu*, No. CV SA-14-CA-135-OLG, 2014 WL 12586408, at *8 (W.D. Tex. May 23, 2014), *report and recommendation adopted sub nom. Educ. Mgmt. Servs., LLC v. Slaikeu*, No. SA-14-CV-135-OLG, 2014 WL 12586779 (W.D. Tex. June 12, 2014) ("It is well-settled in the Fifth Circuit that when a trial court is presented concurrently with a motion to dismiss and a motion to compel arbitration, the court first should consider the motion to compel arbitration.").

[2] On August 12, 2022, the parties entered into the MSA. Post-mediation, the parties reached an impasse over the interpretation of the MSA, so the Foundation invoked the MSA's arbitration provision. The arbitrator agreed with the Foundation's interpretation of the MSA and reduced Gardner's "fee" by the amount Gardner overpaid his lawyers to $1,217,420.50. After issuance of the Final Reasoned Award, the Foundation and Gardner each filed a motion to confirm the Award in the Denton County Probate Court. The court granted the Foundation's motion and entered a Final Judgment on January 10, 2023. The Final Judgment incorporated the terms of the MSA and the Final Reasoned Award.

> attempt an amicable resolution, and why arbitration is deemed necessary.
>
> Roger M. Yale shall serve as the arbitrator should it become necessary to resolve any future disputes as described above. The parties hereby waive any and all formalities of arbitration and waive any complaint that the mediator shall serve as a subsequent arbitrator in this cause.
>
> . . . .
>
> It is intended that the arbitration will be conducted pursuant to The Texas General Arbitration Act.

(Dkt. #1-13 at 6). Given the arbitration provision, the Foundation moves the Court to dismiss Gardner's claims with prejudice and compel arbitration.

Attendant to its motion to dismiss, the Foundation filed a motion to stay primarily on the basis that its pending motion to dismiss presents threshold jurisdictional issues and other significant procedural and substantive challenges to the Complaint. (Dkt. #20). The Court granted the Foundation's motion and ordered all proceedings in this case stayed pending the Court's resolution of the Foundation's motion to dismiss. (Dkt. #28). Gardner later filed his Opposed Emergency Motion to Lift Stay of Legal Proceedings seeking leave to file an amended complaint and an application for Temporary Restraining Order and Preliminary Injunction. (Dkt. #29). On December 19, 2023, the Court held a hearing on Gardner's motion. (Dkt. #34). Since the hearing, Gardner has filed a supplemental motion to lift the stay, attaching thereto a proposed First Amended Original Complaint.[3] (Dkt. #36).

---

[3] The Court notes that in Gardner's proposed First Amended Original Complaint, he purports to bring ten additional claims against the Foundation. (Dkt. #36-1). Because the Court has determined that these ten additional claims do not alter its analysis, the Court will deny Gardner's request to file an amended complaint as moot.

3

## II. LEGAL STANDARD

The Foundation moves to dismiss under both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(3),[4] as the Fifth Circuit has not definitively decided which provision is the proper rule for a motion to dismiss based on an arbitration clause. (Dkt. #9 at 14); *see McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 430 n.5 (5th Cir. 2019) ("Our court has not decided whether Rule 12(b)(1) or 12(b)(3) is the proper vehicle for a motion to dismiss based on an arbitration provision.").

### A. Federal Rule of Civil Procedure 12(b)(1)

A Rule 12(b)(1) motion to dismiss allows a party to challenge a federal court's subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). When evaluating subject-matter jurisdiction, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161. In doing so, the Court will accept as true all "well-pleaded allegations set forth in the complaint and construe those allegations in the

---

[4] The Foundation also moves for dismissal under Rule 12(b)(6). (Dkt. #9 at 26). However, since the Court finds that Gardner's claims should be dismissed pursuant to Rules 12(b)(1) and (3), the Court need not address the Foundation's argument under Rule 12(b)(6). *See Kumar v. Frisco Indep. Sch. Dist.*, 443 F.Supp.3d 771, 777 (E.D. Tex. 2020) ("If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits.") (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)); *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023) ("When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court first considers its jurisdiction."); *Educ. Mgmt. Servs., L.L.C.,* 2014 WL 12586408, at *12 ("If a claim must be arbitrated, a court need not consider a pending 12(b)(6) motion to dismiss it.").

light most favorable to the plaintiff." *Kumar*, 443 F.Supp.3d at 777–78 (citing *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994)). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Laufer v. Mann Hosp., L.L.C.*, No. 20-50858, 2021 WL 1657460, at *1 (5th Cir. Apr. 28, 2021).

## B. Federal Rule of Civil Procedure 12(b)(3)

A Rule 12(b)(3) motion allows a party to move for dismissal based on improper venue. FED. R. CIV. P. 12(b)(3). "On a Rule 12(b)(3) motion to dismiss for improper venue, the Court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F.App'x 612, 615 (5th Cir. 2007). Although the Fifth Circuit has not ruled on which party bears the burden on a Rule 12(b)(3) motion, "most district courts within this circuit have imposed the burden of proving that venue is proper on the plaintiff once a defendant has objected to the plaintiff's chosen forum." *Galderma Lab'ys, L.P. v. Teva Pharms. USA, Inc.*, 290 F.Supp.3d 599, 605 (N.D. Tex. 2017) (collecting cases).

## III. DISCUSSION

### A. Motion to Compel Arbitration

A preliminary issue is whether the state or the federal act on arbitration applies (i.e., the Federal Arbitration Act ("FAA") or the Texas General Arbitration Act (usually abbreviated "TAA")). *Matter of Amberson*, 54 F.4th 240, 248 (5th Cir. 2022), *reh'g denied,* 57 F.4th 205 (5th Cir. 2023). While the Foundation did not specifically invoke the TAA in its motion to compel arbitration, its counsel specifically

5

referred to it in the hearing on Gardner's motion. (Dkt. #37 at 50). Additionally, the MSA states that arbitration "will be conducted pursuant to The Texas General Arbitration Act." (Dkt. #1-13 at 6). Accordingly, Texas law applies. *See Matter of Amberson*, 54 F.4th at 248 ("Generally, a court may accept the parties' agreement on the applicable law.").

Nonetheless, as the Fifth Circuit has made clear, "Texas law includes the Federal Arbitration Act due to Texas courts' incorporating the FAA into their substantive law." *Id.* (quotation omitted). Accordingly, "Texas courts do not read choice-of-law provisions as exclusive of the FAA unless a provision specifically excludes the application of federal law." *Id.* (cleaned up). Here, the MSA does not include a provision excluding the application of federal law. Thus, the Court applies both the FAA and Texas law. *See Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 338 & n.7 (5th Cir. 2004) ("Where, as here, an agreement contains a clause designating Texas law but does not exclude the FAA, the FAA and Texas law, including that state's arbitration law, apply concurrently because Texas law incorporates the FAA as part of the substantive law of that state.").

The Court performs a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute. *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016); *In re J.D. Edwards World Solutions Co.*, 87 S.W.3d 546, 549 (Tex. 2002). The first step involves contract formation. Here, the Court asks "whether the parties entered into *any arbitration agreement at all.*" *Mendoza v. Fred Haas Motors, Ltd.*, 825 F.App'x 200, 202 (5th Cir. 2020) (quotation omitted). The second step

6

involves contract interpretation, and the Court asks whether "*this* claim is covered by the arbitration agreement." *Mendoza*, 825 F.App'x at 202 (quotation omitted). Ordinarily, both steps are questions for the Court. *Kubala*, 830 F.3d at 201. The Court addresses each step in turn.

### i. The parties entered into a valid arbitration agreement.

The Court has no difficulty finding that the parties entered into a valid arbitration agreement. To determine whether an agreement to arbitrate is valid, courts apply ordinary state-law principles that govern the formation of contracts. *Id.* at 202. Under Texas law, a written arbitration agreement is valid and enforceable if the agreement is to arbitrate a controversy that (1) exists at the time of the agreement; or (2) arises between the parties after the date of the agreement. *See* TEX. CIV. PRAC. & REM. CODE § 171.001.

The Foundation has carried its burden of proving that the parties' arbitration agreement is valid.[5] The MSA includes a mutually binding arbitration clause that requires all disputes related to final, full, and complete settlement of the parties' disputes to be submitted to binding arbitration. (Dkt. #1-13 at 6). And it is undisputed that the controversy here arose between the parties after the MSA was executed.

---

[5] Under Texas law, the party attempting to compel arbitration bears the burden of proving the validity of the arbitration agreements and that the dispute in question falls within its scope. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003*); Casey v. Reliance Tr. Co.*, No. 4:18-CV-424, 2019 WL 7403931, at *24 (E.D. Tex. Nov. 13, 2019).

Even Gardner concedes the validity of the MSA by seeking to simultaneously enforce it.[6] Instead of attacking the formation of the parties' arbitration agreement, Gardner attacks its validity by arguing that the Foundation has breached the MSA, and, thus, cannot claim any benefits thereunder, including its arbitration provision. (Dkt. #16 at 22). This argument fails for two reasons. First, an arbitration provision is severable from the remainder of the contract. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006). Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance—not the Court. *Id.* at 445–46. As such, it is not the Court's role to decide whether the Foundation has breached the MSA since that is not a challenge to the arbitration clause. And, even if the Foundation breached the MSA as the Foundation alleges—by failing to execute a conforming Mutual Release and Indemnification and failing to pay amounts due under the MSA—the arbitration provision would remain separately enforceable.

### ii. Gardner's claims fall within the scope of the parties' arbitration agreement.

Next, the Court must analyze whether Gardner's claims are within the scope of the parties' arbitration agreement. Recall that the MSA states that it applies to "[a]ny dispute related to the final, full and complete execution version of [the parties']

---

[6] Notably, Gardner demands specific performance of certain aspects of the MSA while simultaneously attacking the validity of other aspects, including the arbitration clause. *Compare* (Dkt. #16 at 9), *with* (Dkt. #16 at 22). The Court will not entertain Gardner's attempt to "have his contract and defeat it too." *In re Weekly Homes, L.P.*, 180 S.W.3d 127, 135 (Tex. 2005) (compelling arbitration where plaintiff availed herself of the benefits of contract containing arbitration clause).

8

Agreement [and other documents referenced in the Agreement.]." Notwithstanding this expansive language, Gardner argues that his claims "fall far outside of the arbitration clause's narrow and limited scope." (Dkt. #16 at 18–19). Gardner's characterization of the MSA is at odds with its plain text, which confirms that the agreement to arbitrate is broad.

Both the Supreme Court and the Fifth Circuit have characterized similar arbitration clauses as broad. *See Prima Paint Corp., v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 397–98, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967) (labelling as "broad" a clause requiring arbitration of "[a]ny controversy or claim arising out of or relating to this Agreement"); *Pennzoil Exploration and Production Company v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998) ("[C]ourts distinguish 'narrow' arbitration clauses that only require arbitration of disputes 'arising out of' the contract from broad arbitration clauses governing disputes that 'relate to' or 'are connected with' the contract."). Because the MSA contains both "any dispute" and "related to" language, it is a broad arbitration clause. Since the MSA is "broad," the strong presumption in favor of arbitration "applies even with greater force." *Sharju Ltd. P'ship v. Choice Hotels, Int'l, Inc.*, 2002 WL 107171, at *2 (N.D. Tex. Jan. 22, 2002) (citation omitted).

Furthermore, even if the scope of the parties' arbitration clause was reasonably in doubt, the Court should decide the question of construction in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("[A]ny doubts concerning the scope of arbitrable issues should

9

be resolved in favor of arbitration . . . ."); *Mar–Len of La., Inc. v. Parsons–Gilbane*, 773 F.2d 633, 635 (5th Cir. 1985) ("A presumption of arbitrability exists requiring that whenever the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration"); *Ellis v. Schlimmer*, 337 S.W.3d 860, 862 (Tex. 2011) ("[C]ourts should resolve any doubts as to the agreement's scope, waiver, and other issues unrelated to its validity in favor of arbitration."); *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996). The "weight of this presumption is heavy." *Mar–Len*, 773 F.2d at 636; *Neal v. Hardee's Food Sys., Inc.,* 918 F.2d 34, 37 (5th Cir. 1990) (explaining that arbitration should not be denied "unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue").

A review of Gardner's claims reinforces the MSA's general proposition. Gardner claims that the Foundation breached the MSA by failing to execute a conforming Mutual Release and Indemnification and failing to pay amounts due under the MSA. Gardner also asks this Court to revisit the disposition of the estate and Trust assets, an issue also resolved under the MSA and Final Judgment. "Whether a claim falls within the scope of an arbitration agreement under Texas law depends on the factual allegations of the complaint instead of the legal causes of action asserted." *Polyflow, L.L.C. v. Specialty RTP, L.L.C.*, 993 F.3d 295, 304 (5th Cir. 2021) ("A tort claim . . . is arbitrable if it is so interwoven with the contract that it could not stand alone, but is not arbitrable if it is completely independent of the contract and could be maintained without reference to a contract."). All of Gardner's

10

claims are factually intertwined with arbitrable claims, or otherwise touch on the subject matter of the agreement containing the arbitration provision, and, therefore, are all within the scope of the arbitration clause in the MSA.

Moreover, because the parties' arbitration clause is broad, it is "not limited to claims that literally arise under the contract, but rather embrace[s] all disputes having a significant relationship to the contract regardless of the label attached to the dispute." *Pennzoil*, 139 F.3d at 1067; *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 164–65 (5th Cir. 1998) (holding that when parties agree to an arbitration clause governing "[a]ny dispute . . . arising out of or in connection with or relating to this Agreement," they "intend the clause to reach all aspects of the relationship." (cleaned up)). For these reasons, the Court concludes that (1) the parties entered into a valid arbitration agreement and (2) Gardner's claims fall within the scope of their agreement.

## B. Request to Dismiss with Prejudice

Finally, the Court must decide whether to stay this suit pending arbitration or dismiss it. There is a split among the circuits as to whether courts must stay lawsuits pending arbitration after they determine that an arbitration agreement applies, or whether courts also have discretion to dismiss a case where all claims are being sent to arbitration. *See Noohi v. Toll Bros.*, 708 F.3d 599, 605 n.2 (4th Cir. 2013) (collecting cases). The Supreme Court has granted certiorari to resolve this question. *Smith v. Spizzirri*, No. 22-1218, 2024 WL 133822 (U.S. Jan. 12, 2024). The Fifth Circuit has held that courts have discretion to dismiss a case if the entire dispute is subject to

11

arbitration. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration.") (collecting cases); *Armstrong v. Assocs. Intern. Holdings Corp.*, 242 F.App'x 955, 959 (5th Cir. 2007) (per curiam) ("[T]he Fifth Circuit encourages district courts to dismiss cases with nothing but arbitrable issues because staying the action serves no purpose."). The Court will follow the Fifth Circuit's guidance.

The Foundation contends that the Court should dismiss this suit with prejudice because all of Gardner's claims are subject to mandatory arbitration. (Dkt. #9, #21 at 15). The Court agrees. This case must proceed to arbitration, and "[d]ismissal, rather than a stay, is appropriate when '[a]ny post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law.'" *Johnson v. Conifer Health Sols.*, No. 4:20-CV-767-SDJ-CAN, 2021 WL 2229734, at *6 (E.D. Tex. May 7, 2021), *report and recommendation adopted sub nom. Yetta Johnson v. Conifer Health Solutions*, No. 4:20-CV-767-SDJ, 2021 WL 2224344 (E.D. Tex. June 2, 2021) (quoting *Hanna v. Ivy Funding Co., LLC*, No. 3:20-CV-231-L, 2020 WL 4220445, at *2 (N.D. Tex. July 23, 2020)).

## IV. CONCLUSION

It is therefore **ORDERED** that Defendant Gary Sinise Foundation's Motion to Dismiss and Supporting Brief, (Dkt. #9), is **GRANTED**.

It is further **ORDERED** that Plaintiff's Opposed Emergency Motion to Lift Stay of Legal Proceedings, (Dkt. #29), is **DENIED as moot**.

It is further **ORDERED** that Plaintiff's First Supplement to Plaintiff's Opposed Emergency Motion to Lift Stay of Legal Proceedings, (Dkt. #36), is **DENIED as moot**.

It is further **ORDERED** that Plaintiff's Opposed Motion to File Plaintiff's Reply to Defendant's Response to Plaintiff's First Supplement to Plaintiff's Opposed Emergency Motion to Lift Stay of Legal Proceedings Exceeding the Page Limits of the Local Rules, (Dkt. #39), is **DENIED as moot**.

It is further **ORDERED** that all claims pending in the above-captioned case are hereby **COMPELLED** to arbitration.

It is further **ORDERED** that the above-captioned case is **DISMISSED with prejudice**.

**So ORDERED and SIGNED this 7th day of February, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE